UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JUSTIN RUSSO,

Plaintiff,

v.

DAVID LIVINGSTON, et al.,

Defendants.

Case No. 25-cv-09521-AMO (PR)

**ORDER GRANTING *IN FORMA PAUPERIS* STATUS; AND DENYING MOTION FOR APPOINTMENT OF COUNSEL**

Re: Dkt. Nos. 2, 6

Plaintiff Justin Russo's application for *in forma pauperis* status is **GRANTED**. The total filing fee due is $350.00. The initial partial filing fee due for Russo at this time is $63.40. A copy of this Order and the attached instruction sheet will be sent to Russo, the Prison Trust Account Office and the Court's Financial Office.

Also, Russo has filed a motion for appointment of counsel in this prisoner civil rights action under 42 U.S.C. § 1983. There is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. *See Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25 (1981). The court may seek counsel to represent an indigent litigant under 28 U.S.C. § 1915 only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits, and (2) the ability of the plaintiff to articulate his claims as a self-represented litigant in light of the complexity of the legal issues involved. *See id.* at 1525; *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). Both of these factors must be viewed together before reaching a decision on a request for counsel under section 1915. *See id.*

The Court is unable to assess at this time whether exceptional circumstances exist which would warrant seeking volunteer counsel to accept a *pro bono* appointment. The proceedings are at an early stage and it is premature for the Court to determine Russo's likelihood of success on

United States District Court
Northern District of California

the merits.  Moreover, Russo has been able to articulate his claims adequately as a self-represented litigant in light of the complexity of the issues involved.  *See Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004).  Accordingly, the request for appointment of counsel is **DENIED** without prejudice.[1]

The Court will review Russo's complaint in a separate written Order.

**IT IS SO ORDERED.**

Dated: 4/7/2026

_____
**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**

---

[1]  The Court may of course consider appointing of counsel later in the proceedings; that is, after the court has reviewed the complaint to serve any cognizable claims, and Defendants have filed their dispositive motion.  At that time, the Court will be in a better position to consider the procedural and substantive matters at issue.  Russo may therefore file a renewed motion for the appointment of counsel after Defendants' dispositive motion has been filed.

2

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA**


INSTRUCTIONS FOR PAYMENT OF PRISONER'S FILING FEE


The prisoner shown as the plaintiff or petitioner on the attached order has filed a civil action *in forma pauperis* in this court and owes to the court a filing fee.  Pursuant to 28 U.S.C. § 1915, the fee is to be paid as follows:

> The initial partial filing fee listed on the attached order should be deducted by the prison trust account office from the prisoner's trust account and forwarded to the clerk of the court as the first installment payment on the filing fee.  This amount is twenty percent of the greater of (a) the average monthly deposits to the prisoner's account for the 6-month period immediately preceding the filing of the complaint/petition or (b) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint/petition.

> Thereafter, on a monthly basis, 20 percent of the preceding month's income credited to the prisoner's trust account should be deducted and forwarded to the court each time the amount in the account exceeds ten dollars ($10.00).  The prison trust account office should continue to do this until the filing fee has been paid in full.

If the prisoner does not have sufficient funds in his/her account to pay the initial partial filing fee, the prison trust account office should forward the available funds, and carry the balance forward each month until the amount is fully paid.

If the prisoner has filed more than one complaint, (s)he is required to pay a filing fee for each case. The trust account office should make the monthly calculations and payments for each case in which it receives an order granting *in forma pauperis* and these instructions.

**The prisoner's name and case number must be noted on each remittance.**  The initial partial filing fee is due within thirty days of the date of the attached order.  Checks should be made payable to Clerk, U.S. District Court and sent to Prisoner Accounts Receivable, U.S. District Court, 450 Golden Gate Avenue, Box 36060, San Francisco, CA 94102.

cc:     Plaintiff/Petitioner
        Finance Office

United States District Court
Northern District of California

3